UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

William E. Powell,

       Plaintiff,

v.                                        Case No. 14-12626

Internal Revenue Service,                 Honorable Sean F. Cox

       Defendant.

_____/

**OPINION & ORDER
ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff William E. Powell filed this *pro se* action against the United States Internal Revenue Service ("I.R.S.") on July 3, 2014. The matter is currently before the Court on the I.R.S.'s Motion to Dismiss. The I.R.S. argues that this Court should dismiss this action for lack of subject matter jurisdiction because Plaintiff has not exhausted his administrative remedies with respect to any proper Freedom of Information Act ("FOIA") request made by Plaintiff. As an additional or alternative ground, the I.R.S. also argues that this Court should dismiss this action because, even if Plaintiff had exhausted his administrative remedies, the I.R.S. has either produced the requested documents or advised Plaintiff that it does not possess them.

As explained below, the Court concludes that Plaintiff made three proper FOIA requests to the I.R.S. for two specific documents: 1) a 1989 Corporate Tax Return for the Powell Printing Company; and 2) a Form 2553 for the company. To the extent that Plaintiff seeks to assert claims based on any other requests to the I.R.S., the Court DISMISSES such claims for lack of subject matter jurisdiction.

1

The Court further concludes that Plaintiff has exhausted his administrative remedies as to his March 28, 2014 FOIA request for : 1) a 1989 Corporate Tax Return for the Powell Printing Company; and 2) a Form 2553 for the company.

The Court then considers the I.R.S.'s additional or alternative argument – that Plaintiff fails to state a claim as to those requests because the I.R.S.: 1) produced to plaintiff a copy of the Form 2553 and cannot find the original of that document; and 2) informed plaintiff that the other document he seeks does not exist. A declaration recently submitted in support of the I.R.S.'s motion now acknowledges that the I.R.S. does possess the original Form 2253 and that declaration fails to address the I.R.S.'s search for the 1989 Corporate Tax Return for the Powell Printing Company. As such, the Court shall: 1) allow the I.R.S. to file a new or amended declaration addressing the agency's search for the 1989 Corporate Tax Return for the Powell Printing Company; and 2) Order the I.R.S. to show cause, in writing, why Counsel for Defendant should not be required to appear at a Conference in this matter, along with the original Form 2553, so that Plaintiff may inspect the original document.

## BACKGROUND

Plaintiff filed this action against the I.R.S. on July 3, 2014. On July 15, 2014, this Court granted Plaintiff's motion seeking to proceed *in forma pauperis* in this action, pursuant to 28 U.S.C. § 1915.

Because Plaintiff is proceeding *in forma pauperis*, the applicable statute requires this Court to dismiss this case, at any time, if it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(b)(2) ("the court shall dismiss the case at any time if the court determines that" the action "fails to state a claim on which relief may be granted.").

2

Plaintiff's Amended Complaint is 14 pages long and attaches 140 pages of documents. (Docket Entry No. 10).  Plaintiff's Amended Complaint states that in 2011, Plaintiff discovered estate-planning documents of his late father, William A. Powell, owner of the Powell Printing Company.  Plaintiff appears to believe that some type of fraud was committed in connection with the administration of the trust and/or his father's estate.[1]

Plaintiff's Amended Complaint does not identify a jurisdictional basis for his complaint against the I.R.S., except to state that "This action is brought pursuant to the authority because the actions took place with a Federal Agency of the United States identified as the Internal Revenue Service."  (*Id*. at Pg ID 108).  Construing Plaintiff's *pro se* Amended Complaint *very broadly*, Plaintiff alleges that he requested documents from the I.R.S. under the FOIA and that he has not received the requested documents.

On October 14, 2014, the I.R.S. filed a motion seeking to dismiss Plaintiff's Amended Complaint.  (Docket Entry No. 19).  In that motion, the I.R.S. argues that this Court should dismiss this action on several grounds.  The I.R.S. argues that this Court should dismiss this action for lack of subject matter jurisdiction because Plaintiff has not exhausted his administrative remedies with respect to any proper FOIA requests by Plaintiff.  The I.R.S. asserts that Plaintiff has not filed the requisite administrative appeals prior to bringing this lawsuit.

As an additional or alternative ground, the I.R.S. also argues that this Court should dismiss this action because, even if Plaintiff had exhausted his administrative remedies, the

---

[1]Plaintiff has filed suit against others in relation to his father's estate.  The Honorable Robert Cleland has two such cases pending before him (Cases No. 14-13589 and 14-13869).  Plaintiff also recently filed another FOIA action against the I.R.S., that was assigned to the Honorable Paul Borman (Case No. 15-11033).  This Court determined that the action before Judge Borman is not a companion case to this action because it involves different FOIA requests.

I.R.S. has either produced the requested documents or advised Plaintiff that it does not possess them.  (*Id.* at 5, stating "Court have found they lack jurisdiction when an agency's adequate search reveals that it possesses no records responsive to a FOIA request reasoning that an agency cannot withhold from disclosure records it does not possess.") (citing *Vonderheide v. I.R.S.*, 194 F.3d 1315, 1999 WL 1000875 (6th Cir. 1999)).

Plaintiff filed a response in opposition to the I.R.S.'s Motion to Dismiss on October 27, 2014.  (Docket Entry No. 21).  Plaintiff attached more than 70 pages of documents to his Response Brief.

The I.R.S. filed a Reply Brief on November 13, 2014.

The Court heard oral argument on April 9, 2015.  Before proceeding to address the challenges in the motion, however the Court noted that Plaintiff had more than one pending action against the I.R.S. involving documents he had allegedly requested under FOIA and gave the parties an opportunity to discuss the requests, in order to see if they could resolve this matter. After the parties discussed the issues, they advised that Plaintiff wishes to obtain three specific documents from the I.R.S. and the parties asked the Court to hold the Motion to Dismiss in Abeyance for six weeks, so that the I.R.S. could attempt to locate the documents.  (*See* Docket Entry No. 30).  The parties advised that the three documents that Plaintiff was looking for are: 1) an SS-4 Application for Powell Printing Company, which Plaintiff asserts corresponds to DLN 38904-747-00785-9 (hereinafter "the SS-4 Application"); 2) the original Form 2553 filed by Powell Printing Company, which Plaintiff asserts corresponds to DLN 17953-494-00101 (hereinafter "the original Form 2553"); and 3) the Estate Tax Return Form 706 for the Estate of William A. Powell (hereinafter "the Estate Tax Return").

4

Thereafter, the parties appeared for a Status Conference on June 25, 2015.   At that conference, Defense Counsel advised the Court that: 1) it has provided a photocopy of the 2253 Form to Plaintiff and that it does not have the original copy of that document; and 2) it does not have either the SS-4 Application or the Estate Tax Return that Plaintiff seeks.

The Court then asked the I.R.S. whether it intended to submit an affidavit in support of its motion, describing its search for the requested documents, as that was what was done in the *Vonderheide* case cited by the I.R.S. in its Motion to Dismiss.

On July 13, 2015, Counsel for Defendant filed a "Declaration Of Joy E. Gerdy Zogby."

**Standard of Review**

The I.R.S. brings the instant Motion to Dismiss Amended Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted. *Neitzke v. Williams*, 490 U.S. 319 (1989).

Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack. *Gentek Blding Products, Inc. v. Steel Peel Litigation Trust,* 491 F.3d 320, 330 (6th Cir.2007).  If the attack on jurisdiction is a facial attack on the complaint, the court must accept the allegations in the complaint as true and construe them in a light most favorable to the non-moving party.  *United States v. A.D. Roe Co., Inc.*, 186 F.3d 717, 721–722 (6th Cir. 1999). If the attack is factual, however, the court may weigh evidence and resolve factual disputes. *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.

1990).

Here, the I.R.S. asserts, among other things, that Plaintiff cannot make a showing of all the elements of a FOIA claim. Based on Plaintiff's alleged inability to show each element of the claim, Defendants contend that this Court lacks jurisdiction. The Court construes this as a factual attack on subject matter jurisdiction.

Because the attack is factual, no presumption of truthfulness applies to Plaintiff's allegations. *Genteck*, 491 F.3d at 330. A factual attack is "a factual controversy, [and] the district court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Id*. "[A] trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d at 325.

## ANALYSIS

The FOIA confers jurisdiction on this Court to enjoin an agency from withholding records and to order the production of any agency records improperly withheld.  5 U.S.C. § 552(a)(4)(B). Under this provision, federal jurisdiction is dependent on Plaintiff showing that an agency has (1) improperly (2) withheld (3) agency records.  *Kissinger v. Reporters Comm'n for Freedom of the Press,* 445 U.S. 136, 150 (1980).

Here, Plaintiff attaches to his Amended Complaint, and to his brief in opposition to the I.R.S.'s Motion to Dismiss, a litany of documents.  And Plaintiff alleges that he has had various oral and written communications with individuals during his search for documents and information.  But only claims as to proper FOIA requests can be considered in this action.

**A.     Plaintiff's Proper FOIA Requests To The I.R.S.**

The FOIA requires the requester to be specific in his or her request. *Id*. To trigger the

right of access to records under FOIA, an individual must reasonably describe the records

requested. 5 U.S.C. § 552(a)(3)(A).  The I.R.S. has regulations that specify the requirements for a

proper FOIA request addressed to it. *See* 26 C.F.R. § 601.702.  Among other things, a FOIA

request to the I.R.S. must be made in writing, signed by the individual making the request, and

must state that it is made pursuant to the FOIA. *Id.*

As best as this Court can discern from his *pro se* briefs and voluminous filings, Plaintiff

contends that he has submitted four different FOIA requests to the I.R.S.

**1.     Plaintiff's March 27, 2014 and March 28, 2014 FOIA Requests To The I.R.S.**

Attached to Plaintiff's Amended Complaint and Response Brief are FOIA requests from

Plaintiff that were sent to the I.R.S. on March 27, 2014, and March 28, 2014.

In the March 27, 2014 request, Plaintiff requested copies of the 1989 Corporate Tax

Return for Powell Printing Company and the Form 2553. (Docket Entry No. 21-3 at Pg ID 361).

 In the March 28, 2014 request, Plaintiff requested a copy of the 1989 Corporate Tax

Return for Powell Printing Company and a copy of the entire Form 2553.  (Docket Entry No. 10

at Pg ID 160).

The I.R.S. asserts that Plaintiff had previously requested those same documents from the

I.R.S.  The I.R.S. notes that Plaintiff attached a copy of a response that the I.R.S. sent to Plaintiff

regarding one of his other requests for these same documents as Exhibit W.  In that May 30, 2014

letter to Plaintiff, the I.R.S. stated:

You have previously requested a copy of the 1989 Form 1120, Corporate Tax

7

> Return, for the Powell Printing Company. We have repeatedly indicated to you that no 1989 1120 Corporate Tax Return was filed by the Powell Printing Company. We cannot provide a copy of a return the Powell Printing Company never filed.

(Docket Entry No. 10 at Pg ID 195). That same letter also stated that the I.R.S. had already provided Plaintiff with the Powell Printing Company's Form 2553, Election by a Small Business Corporation:

> On February 2, 2014, you requested a copy of the Form 2553, Election by a Small Business Corporation (Under section 1362 of the Internal Revenue Code), for the Powell Printing Company. When a taxpayer requests a copy of a return, we provide a copy of the originally filed return and attachments. On March 2, 2014, we mailed you the first 4 pages of the file, which included the Form 2553, and copies of the incoming cover letter and envelope.

> As a result of your subsequent request for the other documents in the 2553 file, a representative from the TIGTA Detroit Office personally delivered to you, on March 13, 2014, the other 4 pages of the 2553 file that only contained internal administrative documents.

(*Id.* at Pg ID 194-195).

## 2.    Plaintiff's April 26, 2014 FOIA Request To The I.R.S.

Although he did not attach it to his Amended Complaint, Plaintiff made another FOIA request to the I.R.S. on April 26, 2014.

Plaintiff attached a copy of the I.R.S.'s response to the April 26, 2014 FOIA request to his Amended Complaint as Exhibit U. (Docket Entry No.10 at Pg Id 189). In that response, the I.R.S. stated that it was responding to Plaintiff's April 26, 2014 FOIA request, which again sought the 1989 Corporate Tax Return for the Powell Printing Company, and explained:

> You asked for a copy of the document identified by Document Locator Number (DLN) 38949-747-00931-9 and 38904-747-00785-9, for the tax year 1989.

> Not every DLN that appears on an account transcript causes a document to be

8

created.  Some are computer generated and paper documents do not exist.

In reviewing your account, these DLN's relate to Transaction Code 590.  This is a computer-generated transaction with no associated paper documents. Therefore, there are no documents specifically responsive to your request.

(*Id*.).

The I.R.S.'s May 13, 2014 letter enclosed a Notice advising Plaintiff of his appeal rights.

But the Court does not see any documents, or allegations by Plaintiff, pertaining to any appeal as

to Plaintiff's April 26, 2014 FOIA request.

### 3.    Plaintiff's June 18, 2014 FOIA Request To The I.R.S.

On June 18, 2014, Plaintiff submitted another written request for information under the

FOIA.  (Docket Entry No. 10 at Pg ID 203).  In that request, Plaintiff again asks for copies of

Powell Printing's 1989 Corporate Tax Return and its Form 2553.

### B.    Exhaustion Of Administrative Remedies As To Plaintiff's Proper FOIA Requests To The I.R.S.

As a threshold matter, this Court must determine if Plaintiff exhausted his administrative

remedies prior to filing this action.  As explained in *Fields v. I.R.S.* , 2013 WL 3353921 (E.D.

Mich. July 3, 2013):

The Freedom of Information Act (FOIA) requires that an individual exhaust all administrative remedies before filing a judicial action. *Lamb v. IRS*, 871 F.Supp. 301, 303 (E.D. Mich. 1994) ( citing *Hedley v. United States*, 594 F.2d 1043 (5th Cir. 1979)); *see also Auto Alliance Int'l, Inc. v. U.S. Customs Serv.*, 155 F. App'x 226, 228 (6th Cir. 2005) (holding that "exhaustion of administrative remedies is a threshold requirement to a FOIA claim").  In addition, a plaintiff must present proof of exhaustion of administrative remedies in order to obtain judicial review. *Hedley*, 594 F.2d at 1044; *Thomas v. U.S. Dep't of Justice*, 260 F. App'x. 677, 680 (5th Cir. 2007).

*Id.* at * 3.

9

Again, as best as this Court can determine from Plaintiff's filings and submissions, the

only proper FOIA requests made by Plaintiff were his FOIA requests made on March 27, 2014,

March 28, 2014, April 26, 2014, and June 14, 2014.  In all of those requests, Plaintiff sought the

1989 Corporate Tax Return for Powell Printing Company and the 2553 Form.

The I.R.S. contends that Plaintiff has failed to exhaust his administrative remedies

because he did not file administrative appeals as to those requests.

In response to the I.R.S.'s Motion to Dismiss, Plaintiff directs the Court to an April 29,

2014 Letter from the I.R.S. to Plaintiff that stated, in pertinent part:

> Dear William E. Powell:
>
> I am responding to your Freedom of Information Act (FOIA) request dated March
> 28, 2014 that we received on April 3, 2014.
>
> I am not able to send the information you requested by May 2, 2014, which is the
> 20 business-day period allowed by law.  The FOIA allows an additional ten-day
> statutory extension in certain circumstances.  To complete your request I require
> the additional time to . . . Search for and collect the requested records from other
> locations.
>
> We have extended the statutory response date to May 15, 2014, after which you
> can file suit.  *An administrative appeal is limited to a denial of records, so it does
> not apply in this situation*.  I apologize for any inconvenience caused by this
> delay.
>
> *You may file suit after May 15, 2014*.  Your complaint will be treated according to
> the Federal Rules of Civil Procedure applicable to actions against an agency of the
> United States.

(I.R.S.'s 4/29/14 Letter) (emphasis added).

Accordingly, the Court concludes that Plaintiff has exhausted his administrative remedies

with respect to his March 28, 2014 FOIA request,[2] which sought the 1989 Corporate Tax Return

for the Powell Printing Company and the Form 2553.

**C.      Defendant's Additional Or Alternative Argument That Plaintiff Fails To State A
         Claim As To His Requests For Powell Printing's 2553 Form And Its 1989 Corporate
         Tax Return**

Additionally, the I.R.S. asserts that Plaintiff fails to state a claim as to his proper FOIA

requests even if he exhausted his administrative remedies.  Again, in Plaintiff's proper FOIA

requests he requested the 1989 Corporate Tax Return for the Powell Printing Company and the

Form 2553.  In its motion, the I.R.S. asserts that Plaintiff fails to state a claim as to those requests

because the I.R.S. "produced to plaintiff the Form 2553, but informed plaintiff that the  1989

Form 1120 did not exist and that, therefore, there was no document to be produced."  (Def.'s Br.

at 10).  The I.R.S. contends that it "has therefore produced the requested records to the extent

they exist" and Plaintiff's March 28, 2014 FOIA request "is thereby moot."  (*Id*. at 11).

In a supplemental report filed on June 24, 2015, the I.R.S. asserted that "[s]ince the April

23, 2015 hearing, the Service has again thoroughly searched for the original of the Form 2553,

but it could not be located even though the Service searched all locations where it might

reasonably be located," and claiming that, because Plaintiff has a photocopy, "no purpose would

be served by a further search for the original." (Docket Entry No. 33).

The I.R.S. directs the Court to *Vonderheide v. I.R.S.*, 1999 WL 1000875 (6th Cir. 1999).

In *Vonderheide*, the Sixth Circuit dismissed a FOIA action for lack of subject matter jurisdiction

where the agency established, *via an affidavit*, that it did not possess the records:

---

[2]Because Plaintiff's other proper FOIA requests to the I.R.S., discussed above, sought
these very same documents, the Court need not consider whether Plaintiff exhausted his
administrative remedies as to those requests.

We conclude that the district court properly dismissed the action for lack of subject matter jurisdiction for the reasons stated by the magistrate judge and adopted by the district court. "Under 5 U.S.C. § 552(a)(4)(B) federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.' Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation." *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980). Agency possession of the requested documents is "an indispensable prerequisite to liability in a suit under the FOIA." *Id.* at 155. *The IRS provided evidence in the form of affidavits* that it had conducted a good faith search and that it did not possess the requested documents. *See Oglesby v. United States Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir.1990); *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir.1982).

*Id.* at * 1 (emphasis added).

A similar situation was addressed in *Kendrick v. Wayne County*, 2011 WL 2580675 (E.D. Mich. 2011), wherein Judge Roberts dismissed a FOIA action after the I.R.S. submitted affidavits stating that its agents performed a good faith search and no responsive records were identified.

Here, the I.R.S. asserted in it motion that it has already provided Plaintiff with a complete copy of the Powell Printing Company's Form 2553, Election by a Small Business Corporation. In support of that assertion, the I.R.S. directs the Court to a May 30, 2014 letter to Plaintiff so indicating. It also contends that it has previously advised Plaintiff that the I.R.S. simply does not possess a 1989 Corporate Tax Return for Powell Printing. But the I.R.S. had not, in connection with its motion, submitted an affidavit in support of its position as to those two items.

In *Rugiero*, the Sixth Circuit explained that district courts typically dispose of FOIA cases, prior to discovery, based upon affidavits filed by the government agency to whom the FOIA request was made. *Rugiero v. U.S. Dept. of Justice*, 257 F.3d 534, 544 (6th Cir. 2001). It

explained that:

> In response to a FOIA request, an agency must make a good faith effort to conduct a search for the requested records using methods reasonably expected to produce the requested information. *Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998). The FOIA requires a reasonable search tailored to the nature of the request. *Id.* at 28. At all times the burden is on the agency to establish the adequacy of its search. *Patterson v. IRS*, 56 F.3d 832, 840 (7th Cir. 1995); *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting *Weisberg v. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). In discharging this burden, the agency may rely on affidavits or declarations that provide reasonable detail of the scope of the search. *Bennett v. DEA*, 55 F.Supp.2d 36, 39 (D.D.C. 1999) (citing *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982)). "In the absence of countervailing evidence or apparent inconsistency of proof, [such affidavits] will suffice to demonstrate compliance with the obligations imposed by the FOIA." *Id*. The question focuses on the agency's search, not on whether additional documents exist that might satisfy the request. *Steinberg*, 23 F.3d at 551 (quoting *Weisberg*, 745 F.2d at 1485).

*Id.* at 547.

At the June 25, 2015 Status Conference, this Court asked Defense Counsel if it intended to file an affidavit or declaration in support of its motion and Defense Counsel stated he wished do so.

On July 13, 2015, the I.R.S. submitted a Declaration of Joy E. Gerdy Zogby (Docket Entry No. 35) in support of Defendant's Motion to Dismiss. That Declaration addressed the three documents that Plaintiff had indicated, in settlement discussions with defense counsel, that he wished to obtain from the I.R.S. (i.e., the SS-4 Application, the original Form 2553; and the Estate Tax Return).

The Declaration does not appear to discuss the 1989 Corporate Tax Return for the Powell Printing Company – although Defendant's Motion to Dismiss had asserted that the I.R.S. does not have a 1989 Corporate Tax Return for the Powell Printing Company. The Court shall order

13

that, if the I.R.S. is asking the Court to dismiss this action based upon its assertion that, after a diligent search for the requested document, it does not have the 1989 Corporate Tax Return for the Powell Printing Company, it must file a new or amended Declaration no later than August 10, 2015.

As to the Form 2253, although the I.R.S. had previously asserted that the original copy of that document could not be located, Gerdy Zogby's Declaration indicates otherwise. (*Id.* at 8, stating that "[o]n July 7, 2015, I spoke with the program manager, and she said that she did have the Form 2553. The program manager scanned a copy of the original Form 2553, and she emailed me that copy on July 8, 2015.").

Notably, Plaintiff has expressed, throughout this action, that he wishes to inspect the original Form 2553.

The I.R.S. has not provided the Court with any authority to support its apparent position that it is not required, under FOIA, to allow Plaintiff to inspect the original Form 2553.

Accordingly, the Court shall order the I.R.S. to show cause, in writing, why Counsel for Defendant should not be required to appear at a Conference in this matter, along with the original Form 2553, so that Plaintiff may inspect the original document. The Court shall allow Plaintiff to respond to that submission.

After having considered such additional submissions, the Court shall rule on the remaining issues raised in the pending motion.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion to Dismiss is GRANTED IN PART, DENIED IN PART, and TAKEN UNDER ADVISEMENT IN PART.

14

The Court concludes that Plaintiff made three proper FOIA requests to the I.R.S. that can be considered in this action, which sought: 1) a 1989 Corporate Tax Return for the Powell Printing Company; and 2) a Form 2553 for the company.  To the extent that Plaintiff seeks to assert claims in this action based on any other requests to the I.R.S., the Court DISMISSES such claims for lack of subject matter jurisdiction.

The Court further concludes that Plaintiff has exhausted his administrative remedies as to his March 28, 2014 FOIA request for : 1) a 1989 Corporate Tax Return for the Powell Printing Company; and 2) a Form 2553 for the company.

As to the I.R.S.'s additional or alternative argument (i.e., that Plaintiff fails to state a claim as to those requests because the I.R.S.: 1) produced to plaintiff a copy of the Form 2553 and cannot find the original of that document; and 2) informed plaintiff that the 1989 Form 1120 does not exist) the Court TAKES THAT ISSUE UNDER ADVISEMENT and ORDERS that:

1)      no later than **August 10, 2015**, the I.R.S. may file a new or amended declaration addressing the agency's search for the 1989 Corporate Tax Return for the Powell Printing Company;

2)      the I.R.S. shall to SHOW CAUSE, in writing, no later than **August 10, 2015**, why Counsel for Defendant should not be required to appear at a Conference in this matter, along with the original Form 2553, so that Plaintiff may inspect the original document; and

3)      Plaintiff may respond to the I.R.S's Show-Cause-Order Response no later than **August 20, 2015.**

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  July 31, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on July

15

31, 2015, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager