UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

William E. Powell,

     Plaintiff,

v.                          Case No. 14-12626

Internal Revenue Service,          Honorable Sean F. Cox

     Defendant.

_____/

**SUPPLEMENTAL ORDER
ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff William E. Powell filed this *pro se* action against the United States Internal Revenue Service ("I.R.S.") on July 3, 2014.

The matter came before the Court on the I.R.S.'s Motion to Dismiss. In its motion, the I.R.S. argued that this Court should dismiss this action for lack of subject matter jurisdiction because Plaintiff has not exhausted his administrative remedies with respect to any proper Freedom of Information Act ("FOIA") request made by Plaintiff. As an additional or alternative ground, the I.R.S. also argued that this Court should dismiss this action because, even if Plaintiff had exhausted his administrative remedies, the I.R.S. has either produced the requested documents or advised Plaintiff that it does not possess them.

In an Opinion & Order issued on July 31, 2015 (Docket Entry No. 39), this Court ruled as follows:

> For the reasons set forth above, IT IS ORDERED that Defendant's Motion to Dismiss is GRANTED IN PART, DENIED IN PART, and TAKEN UNDER ADVISEMENT IN PART.

The Court concludes that Plaintiff made three proper FOIA requests to the I.R.S. that can be considered in this action, which sought: 1) a 1989 Corporate Tax Return for the Powell Printing Company; and 2) a Form 2553 for the company.  To the extent that Plaintiff seeks to assert claims in this action based on any other requests to the I.R.S., the Court DISMISSES such claims for lack of subject matter jurisdiction.

The Court further concludes that Plaintiff has exhausted his administrative remedies as to his March 28, 2014 FOIA request for : 1) a 1989 Corporate Tax Return for the Powell Printing Company; and 2) a Form 2553 for the company.

As to the I.R.S.'s additional or alternative argument (i.e., that Plaintiff fails to state a claim as to those requests because the I.R.S.: 1) produced to plaintiff a copy of the Form 2553 and cannot find the original of that document; and 2) informed plaintiff that the 1989 Form 1120 does not exist) the Court TAKES THAT ISSUE UNDER ADVISEMENT and ORDERS that:

1)      no later than **August 10, 2015**, the I.R.S. may file a new or amended declaration addressing the agency's search for the 1989 Corporate Tax Return for the Powell Printing Company;

2)      the I.R.S. shall to SHOW CAUSE, in writing, no later than **August 10, 2015**, why Counsel for Defendant should not be required to appear at a Conference in this matter, along with the original Form 2553, so that Plaintiff may inspect the original document; and

3)      Plaintiff may respond to the I.R.S's Show-Cause-Order Response no later than **August 20, 2015.**

IT IS SO ORDERED.

(Docket Entry No. 39 at 14-15).

On August 10, 2015, the I.R.S. filed a response indicating that it has no objection to providing the original Form 2553 to Plaintiff for inspection and copying at a conference before the Court.  (Docket Entry No. 41 at 1).  As such, the Court ordered the parties to appear on

2

September 3, 2015, so that Plaintiff could inspect and copy the original Form 2553.  The parties appeared on September 3, 2015, and, in the presence of the Court, Plaintiff inspected the original Form 2553.  Plaintiff was also provided with a certified copy of the document.  Plaintiff has therefore obtained all relief he sought as to this document.

The last remaining issue in this action concerns Plaintiff's request for a 1989 Corporate Tax Return for the Powell Printing Company.  On August 20, 2015, the I.R.S. provided a sworn Declaration from Lisa M. Soli (Docket Entry No. 41-1).  Soli is a disclosure specialist employed by the I.R.S. whose official duties have included responding to FOIA requests by Plaintiff.  Soli's Declaration details the actions that she took in searching for a 1989 Corporate Tax Return for the Powell Printing Company.  Soli's Declaration states that, after a diligent search, she has been unable to locate a 1989 Corporate Tax Return for the Powell Printing Company.  Based on her investigation of the records maintained by the I.R.S., Soli concludes that the Powell Printing Company was not liable for taxes for 1989 and that it did not file a corporate tax return for 1989. (*Id*.).

Following the I.R.S.'s August 20, 2015 filing of Soli's Declaration, Plaintiff filed two additional written submissions.  (D.E. No. 43& 44).

The Freedom of Information Act confers jurisdiction on this Court to enjoin an agency from withholding records and to order the production of any agency records improperly withheld.  5 U.S.C. § 552(a)(4)(B). Under this provision, federal jurisdiction is dependent on Plaintiff showing that an agency has 1) improperly 2) withheld 3) agency records.  *Kissinger v. Reporters Comm'n for Freedom of the Press,* 445 U.S. 136, 150 (1980).

The Court concludes that it lacks jurisdiction over Plaintiff's FOIA claim pertaining to

his request for a 1989 Corporate Tax Return for the Powell Printing Company because "[a]gency possession of the requested documents is 'an indispensable prerequisite to liability in a suit under FOIA.'" *Vonderheide v. I.R.S.*, 194 F.3d 1315, 1999 WL 1000875 at *1 (6th Cir. 1999).   As was the case in *Vonderheide*, the I.R.S. has provided evidence in the form of a sworn declaration that has it conducted a good faith search and that it does not possess this requested document.

Agency affidavits regarding a search are given a presumption of good faith that cannot be rebutted by mere speculation. *Safeguard Servs., Inc. v. Securities & Exchange Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991); *Hoff v. U.S. Dep't. of Justice,* 2007 WL 4165162 (S.D. Ohio 2007); *see also Maynard v. C.I.A.*, 986 F.2d 547, 560 (1st Cir. 1993) (explaining that an agency's affidavit is "accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence of a document."). In response, Plaintiff has not offered any evidence that the I.R.S. possesses a 1989 Corporate Tax Return for the Powell Printing Company and his assertion that such a document exists is not sufficient to overcome the agency's declaration.

Again, an agency must possess a record in order to improperly withhold it. Absent an improper withholding, this Court lacks jurisdiction to devise a remedy. *Vonderheide, supra.* Since the document requested by Plaintiff does not exist, the I.R.S. did not improperly withhold agency records. *Id.; Sneed v. U.S. Dept. of Labor*, 14 F. A'ppx 343 (6th Cir. 2001);

Accordingly, this Court lacks jurisdiction over Plaintiff's last remaining FOIA claim in this action and the Court ORDERS that this action is DISMISSED WITH PREJUDICE.


IT IS SO ORDERED.

S/Sean F. Cox

4

                                                        Sean F. Cox
                                                        United States District Judge

Dated:  September 9, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 9, 2015, by electronic and/or ordinary mail.

                                             S/Jennifer McCoy
                                             Case Manager